**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2390-18T1

EDWARD FLEMMING,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted January 7, 2020 - Decided February 24, 2020

Before Judges Currier and Firko.

On appeal from the New Jersey State Parole Board.

Edward Flemming, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Edward Flemming appeals from the final administrative decision of the New Jersey State Parole Board (Board), denying parole and setting a thirty-six-month future eligibility term (FET). We affirm.

Appellant is currently serving a life sentence for the murders of his wife[1] and her sister in 1979. While incarcerated, appellant committed thirty-five institutional disciplinary infractions, including fifteen "asterisk" (serious) infractions, the most recent of which was in 2002.

After appellant became eligible for parole for the sixth time in March 2018, a hearing officer referred his case to a two-member Board panel for a hearing. The panel denied parole based on (1) the facts and circumstances of the offense, specifically, commission of a double murder; (2) the prior offense record; (3) the nature of the criminal record becoming increasingly serious; (4) the commitment to incarceration for multiple offenses; (5) appellant's commission of numerous, persistent institutional disciplinary infractions serious in nature, resulting in loss of commutation time and confinement in detention and administrative segregation, with the most recent infraction occurring in August 2002; and (6) appellant's insufficient problem resolution, specifically, a lack of insight into criminal behavior, minimization of conduct, a failure to

---

[1] The record also refers to appellant's wife as his girlfriend.

A-2390-18T1

sufficiently address a substance-abuse problem, and the results of an objective risk-assessment evaluation indicating a "moderate" risk of recidivism.

The two-member panel also found several mitigating factors: (1) minimal offense record; (2) infraction-free since the last panel hearing; (3) participation in program(s) specific to behavior; (4) participation in institutional program(s); (5) institutional reports reflecting favorable institutional adjustment; (6) minimum custody status achieved or maintained; and (7) restoration of commutation time. In April 2018, for reasons not explained in the record, the two-member panel vacated its decision to deny parole.

In May 2018, a two-member panel denied parole and set a thirty-six-month FET. The decision was based on the same factors articulated by the first panel. The panel stated: "Inmate shows a clear lack of understanding of his domestic violence and the effects it had on one of his victims. He, despite programming, blames victim [and] her behavior as a means to justify these two murders. [Appellant] [s]hows no insight or remorse for his violent behavior and its effects."

The full Board issued a final agency decision on November 21, 2018, affirming the denial of parole and thirty-six-month FET. The Board concurred with the two-member panel in concluding that "a preponderance of the evidence

A-2390-18T1

indicates that there is a substantial likelihood that [appellant] would commit a crime if released on parole at this time."

On appeal, appellant argues that the Board failed to consider all information in rendering its decision and that he was denied his right to procedural due process. We disagree.

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd. (Trantino II), 166 N.J. 113, 200 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)).

Consequently, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (internal quotation

marks omitted) (quoting <u>Trantino v. N.J. State Parole Bd. (Trantino I)</u>, 154 N.J. 19, 24 (1998)).

Because appellant committed the offenses for which he is incarcerated in 1979, his parole eligibility is governed by N.J.S.A. 30:4-123.53(a), which states that an inmate shall be released on parole unless "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at such time." N.J.S.A. 30:4-123.53(a), <u>L.</u> 1979, <u>c.</u> 441, § 9; N.J.A.C. 10A:71-3.10(a); <u>see</u> <u>Perry v. N.J. State Parole Bd.</u>, 459 N.J. Super. 186, 194 (App. Div. 2019) (explaining that "[p]arole for a conviction imposed on offenses committed before August 18, 1997, 'is governed by the standard[s] in N.J.S.A. 30:4-123.53(a) and 30:4-123.56(c) prior to the amendment of those statutes on that date.'") (quoting <u>Williams v. N.J. State Parole Bd.</u>, 336 N.J. Super. 1, 7 (App. Div. 2000)). The State has the burden to meet the standard. <u>Trantino II</u>, 166 N.J. at 197.

In its determination of parole eligibility, the Board must consider the aggregate of all pertinent factors, including twenty-three enumerated, non-exhaustive factors. N.J.A.C. 10A:71-3.11(a) to (b). We are satisfied that the Board properly reviewed the relevant evidence and statutory factors in considering and denying appellant parole. The Board also considered several

mitigating factors. In addition, the Board advised its review of the confidential report had a significant impact in its decision to deny parole and set an FET.

In addressing the FET, when a panel denies parole to an inmate serving a sentence for murder, the standard FET is twenty-seven months. N.J.A.C. 10A:71-3.21(a)(1). However, the FET "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the panel increased the standard FET by nine months. In doing so, the panel considered the nature and circumstances of appellant's offense, his institutional adjustment, and his insufficient problem resolution.

The Board's findings are neither arbitrary nor unreasonable, but rather are supported by credible evidence. The Board has authority to make the assessment as to the expectation that an inmate will commit a crime if released on parole. The Board's decision to deny parole and set a thirty-six-month FET is supported by sufficient credible evidence in the record and consistent with the applicable law.

We discern no merit to appellant's argument that he was denied his due process rights because the Board did not provide him with a representative to

assist him during his parole hearing. Under N.J.A.C. 10A:71-2.11, a parole counselor or other Board representative is assigned to each State correctional facility "to assist inmates on all parole procedures, including any appearances before a hearing officer, Board panel or the Board." In preparing for a parole release hearing, an inmate "shall have the right to be aided by a Board representative pursuant to N.J.A.C. 10A:71-2.11." N.J.A.C. 10A:71-3.13(g).

These regulations require the provision of an agency representative at each correctional facility to assist inmates in preparing for their appearances before the Board. This includes obtaining and submitting relevant documentation related to the parole proceeding and advising inmates on parole procedures. Here, the record reflects a parole counselor was present at appellant's hearing to provide him assistance.

To the extent we have not addressed all of appellant's contentions, we find they lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION